## SUPREME COURT.

### HENRY THOMPSON agt. DUDLEY G. CULVER.

A *motion* to set aside an *attachment,* may be made *after judgment* in the action. The judgment does not *supersede* the attachment. (*This is adverse to Scheib agt. Baldwin,* 22 *How. Pr. R.,* 278.)

*New York General Term, November,* 1862.

INGRAHAM, LEONARD and PECKHAM, *Justices.*

THIS is an appeal from an order made at special term, denying a motion made by the defendant to set aside the attachment issued by the plaintiff. The attachment was issued on the ground that the defendant had absconded or kept himself concealed, to avoid the service of civil process. The attachment issued on the 12th of February last—served on the 14th of February. On the 12th of March following, an order was granted to show cause why the attachment should not be vacated. On the 25th of same month, the facts involved in the hearing of the motion on the order to show cause was referred to a referee, to hear and report the evidence, with his opinion thereon. The hearing was had, and on the 21st of April last, the referee · reported the evidence, with his opinion substantially that the facts did not sustain the attachment. The defendant sought to have the time extended for entering judgment till after the decision of the motion to set aside the attachment, but ultimately failed, and judgment was perfected on the 10th of April against him. On the 10th of May, the sheriff sold the attached property on the execution issued on the judgment.

> WM. FULLERTON, *for appellant.*
> GILBERT DEAN, *for respondent.*

By the court, PECKHAM, Justice. Two points are made by plaintiff against the motion :

Thompson agt. Culver.

*First.*—That it comes too late—judgment having been perfected prior to the hearing of the motion.

*Second.*—That the defendant did, in fact, keep himself concealed with intent, &c.

As to the first point. If the position be sound, that such a motion cannot be made after judgment, yet this motion having been noticed and actually made confessedly in time, the extension of time caused by the reference will not make it irregular, though the hearing be not completed till after judgment. But in my opinion, it is not indispensably necessary that the motion should be made before judgment. A very learned and respectable court has declared that the attachment is discharged *ipso facto* by the entry of the judgment. But I can find no provision in the Code to that effect; on the contrary, there are provisions entirely inconsistent with such a position.

Among other provisions, the statute declares that " until the judgment against the defendant shall be paid"—not recovered—but until it " shall be paid," the sheriff may proceed to collect the notes and other evidences of debt, and the debts that may have been seized or attached under the warrant of attachment, * * * and apply the proceeds thereof to the payment of the judgment." (*Sub. 4 of § 237 of the Code.*)

It is clear that the sheriff has no such power under the execution. He has it obviously under the attachment, which, therefore, cannot be said to be superseded by the judgment.

The facts as disclosed by the affidavits, and the evidence before the referee, show that there was no ground for the attachment. The order appealed from should therefore be reversed, and the attachment discharged with $10 costs.*

* NOTE.—Perhaps this question may be further illustrated by another reference to § 237 of the Code, which says: " In case judgment be entered for the plaintiff in such action, the sheriff shall satisfy the same out of the property attached by him, if it shall be sufficient for that purpose: 1. By paying over to such plaintiff the proceeds of all sales of perishable property, and of any vessel, or share or interest in